**FILED**
**Nov 20, 2019**
**09:25 AM(ET)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT CHATTANOOGA

| | | |
|---|---|---|
| **Brenden Isom,** | ) | **Docket No.: 2019-01-0545** |
| **Employee,** | ) | |
| **v.** | ) | |
| **Cherokee Truck Equipment, LLC,** | ) | **State File No.: 53284-2019** |
| **Employer,** | ) | |
| **And** | ) | |
| **Bridgefield Casualty Ins. Co.,** | ) | **Judge Audrey A. Headrick** |
| **Insurance Company.** | ) | |

---

## EXPEDITED HEARING ORDER
### *(DECISION ON THE RECORD)*

---

This case came before the Court on Brenden Isom's Request for an Expedited Hearing on the record.[1] Mr. Isom requested medical and temporary disability benefits for a left-arm injury. Cherokee Truck denied his claim for violation of its Drug-Free Work Place policy. The issue is whether Mr. Isom is likely to prevail at a hearing on the merits in rebutting the presumption that his illegal drug use proximately caused his injury. For the reasons below, the Court holds he is not.

### History of Claim

On July 25, 2019, Mr. Isom fractured his arm when he fell approximately five feet from a stand while painting a truck for Cherokee Truck. Cherokee Truck denied Mr. Isom's claim on July 31 for violation of its DFWP policy after he tested positive for marijuana on his post-accident drug tests.

---

[1] The Court issued a docketing notice allowing the parties until November 15 to file objections or submit position statements. The docketing notice also allowed Cherokee Truck until November 15 to submit additional evidence.

Mr. Isom testified by affidavit that he smoked marijuana in his home four days before his accident but disputed that his drug use had anything to do with his accident.[2]

Lekh Sharma, PhD, TC (NRCC), the director of a toxicology lab, testified by affidavit. Dr. Sharma stated the post-accident drug tests did not "confirm[ed] intoxication." She indicated that "[u]rine drug screens are inherently unreliable to determine intoxication at or near the time of the test." Dr. Sharma provided an opinion that "no presumption should be drawn from these drug screen tests . . . regarding whether an individual was or was not intoxicated at or near the time the test was taken." She also stated that "the test results . . . are not inconsistent with use of marijuana four or more days prior to the test being taken for the reasons mentioned herein."

## Findings of Fact and Conclusions of Law

### *Standard Applied*

Mr. Isom must present sufficient evidence from which the Court can determine he is likely to prevail at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1) (2019). The Court holds he did not.

### *Analysis*

No one disputed that Cherokee Truck was part of Tennessee's DFWP, and Mr. Isom's drug tests were positive for marijuana. Tennessee Code Annotated section 50-6-110(c)(1) affords a presumption that Mr. Isom's drug use was the "proximate cause" or a substantial factor in producing his injury. However, Mr. Isom may rebut this presumption by "clear and convincing evidence," which means "there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence." *Kizer v. Express Servs., Inc.,* 2018 TN Wrk. Comp. App. Bd. LEXIS 17, at *10 (Apr. 20, 2018). For the following reasons, the Court finds Mr. Isom did not rebut the presumption that his drug use caused his injury.

Mr. Isom's proof is twofold: (1) his own testimony that he was not impaired at the time of his accident; and, (2) his toxicology expert's opinion that the drug tests did not confirm intoxication due to the unreliability of urine tests. However, Mr. Isom's testimony that he was not impaired is insufficient to rebut the presumption that the drug use was the proximate cause of his accident. Dr. Sharma's opinion is also insufficient. Despite Dr. Sharma's opinion about urine tests, Mr. Isom did not present evidence to show that Cherokee Truck's drug-testing did not fully comply with the DFWP rules that govern the process. Likewise, Dr. Sharma's equivocal opinion that the drug tests did not

---

[2] The Court sustained Cherokee Truck's hearsay objection to statements contained in Mr. Isom's affidavit allegedly made by Cherokee Truck employees.

confirm intoxication falls short of clear and convincing evidence to rebut the presumption. Therefore, the Court holds Mr. Isom is not likely to prevail at a hearing on the merits in rebutting the presumption by clear and convincing evidence that his illegal drug use proximately caused his injury.

**IT IS, THEREFORE, ORDERED** as follows:

1. The Court denies Mr. Isom's request.

2. This case is set for a Status Hearing on Wednesday, January 22, 2020, at 10:30 a.m. Eastern Time. The parties must call (423) 634-0164 or toll-free at (855) 383-0001 to participate. Failure to call may result in a determination of the issues without your participation.

**ENTERED November 20, 2019.**


_____
**AUDREY A. HEADRICK**
**Workers' Compensation Judge**

# APPENDIX

Exhibits:

1. Form C-20 First Report
2. Form C-23 Notice of Denial
3. Form C-41 Wage Statement
4. Form C-42 Panel
5. Quest Diagnostics Laboratory Report, July 25, 2019
6. Medical records of American Family Care
7. Medical records of Dr. Brett Sanders
8. Affidavit of Lekh Sharma, PhD, TC (NRCC)
9. Affidavit of Brenden K. Isom
10. DFWP documents
11. Personnel documents


Technical record:

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Cherokee Truck Equipment's Motion to Extend Objection to Request for a Decision on the Record Deadline
5. Objection of Brenden Isom to Cherokee Truck Equipment's Motion to Extend Objection to Request for a Decision on the Record Deadline
6. Order Granting Motion to Extend Objection to Request for a Decision on the Record Deadline
7. Cherokee Truck Equipment's Notice of No Objection to a Decision on the Record

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on November 20, 2019.

| Name | Certified Mail | Email | Service sent to: |
|------|----------------|-------|------------------|
| Mike Wagner, Employee's Attorney | | X | maw@wagnerinjury.com |
| Nick Peterson, Employer's Attorney | | X | nick.peterson@petersonwhite.com |

*Penny Shrum*  N/permission)

**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov

5



## Expedited Hearing Order Right to Appeal:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1.  Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2.  You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3.  You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4.  If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# EXPEDITED HEARING NOTICE OF APPEAL
Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

Employee _____

v.

Employer _____

## Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

to the Workers' Compensation Appeals

Board. [List the date(s) the order(s) was filed in the court clerk's office]

Judge _____

## Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

## Additional Information

Type of Case [Check the most appropriate item]

☐ Temporary disability benefits
☐ Medical benefits for current injury
☐ Medical benefits under prior order issued by the Court

## List of Parties

Appellant (Requesting Party): _____ At Hearing: ☐Employer ☐Employee

Address: _____

Party's Phone: _____ Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*Attach an additional sheet for each additional Appellant*

Employee Name: _____ SF#: _____ DOI: _____

## Appellee(s)

**Appellee (Opposing Party):**_____At Hearing: ☐Employer ☐Employee

Appellee's Address: _____

Appellee's Phone:_____Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email:_____

*** Attach an additional sheet for each additional Appellee ***

## CERTIFICATE OF SERVICE

I,_____, certify that I have forwarded a true and exact copy of this Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the_____day of_____, 20___

[Signature of appellant or attorney for appellant]        _____



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

## AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name: _____    2. Address: _____

3. Telephone Number: _____    4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

   My employer's address is: _____

   My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning | _____ |
| SSI | $ _____ per month | beginning | _____ |
| Retirement | $ _____ per month | beginning | _____ |
| Disability | $ _____ per month | beginning | _____ |
| Unemployment | $ _____ per month | beginning | _____ |
| Worker's Comp. | $ _____ per month | beginning | _____ |
| Other | $ _____ per month | beginning | _____ |

9. My expenses are:

Rent/House Payment $ _____ per month     Medical/Dental   $ _____ per month

| | | |
|---|---|---|
| Groceries | $ _____ per month | Telephone $ _____ per month |
| Electricity | $ _____ per month | School Supplies $ _____ per month |
| Water | $ _____ per month | Clothing $ _____ per month |
| Gas | $ _____ per month | Child Care $ _____ per month |
| Transportation | $ _____ per month | Child Support $ _____ per month |
| Car | $ _____ per month | |
| Other | $ _____ per month (describe: _____ ) | |

10. Assets:

| | | |
|---|---|---|
| Automobile | $ _____ | (FMV) _____ |
| Checking/Savings Acct. | $ _____ | |
| House | $ _____ | (FMV) _____ |
| Other | $ _____ | Describe: _____ |

11. My debts are:

| Amount Owed | To Whom |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____ .

_____
NOTARY PUBLIC

My Commission Expires: _____

LB-1108 (REV 11/15)          RDA 11082